Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/29/2016 09:04 AM CST

State of Nebraska, appellee, v.
Fredrick A. Collins, Jr., appellant.

___ N.W.2d ___

Filed January 29, 2016.    No. S-15-109.

1. **Sentences: Words and Phrases: Appeal and Error.** An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

2. **Trial: Effectiveness of Counsel: Proof: Appeal and Error.** To establish a right to relief because of a claim of ineffective counsel at trial or on direct appeal, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

3. **Constitutional Law: Criminal Law: Attorney and Client.** The Sixth Amendment to the U.S. Constitution and Neb. Const. art. I, § 11, give one accused of a crime the right to the assistance of counsel.

4. **Courts: Attorney and Client: Appeal and Error.** In first appeals as of right, though not discretionary appeals, states must appoint counsel to represent indigent defendants.

5. **Postconviction: Jurisdiction: Effectiveness of Counsel: Appeal and Error.** The power to grant a new direct appeal is implicit in Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2014), and the district court has jurisdiction to exercise such power where the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings.

6. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

7. **Sentences.** In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

8. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.

9. **Effectiveness of Counsel: Evidence: Appeal and Error.** An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.

Appeal from the District Court for Douglas County: Gregory M. Schatz, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Mary Mullin Dvorak for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, Cassel, and Stacy, JJ.

Heavican, C.J.

## I. INTRODUCTION

Fredrick A. Collins, Jr., was convicted of first degree sexual assault of a person at least 12 but less than 16 years of age, pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2008). His direct appeal was dismissed due to the untimely payment of his docket fee. Collins then filed a motion for postconviction relief, alleging that his trial counsel was ineffective for failing to timely file a direct appeal, and also alleging that trial counsel was ineffective in other ways. The district court denied most of his motion without a hearing, but, following an evidentiary hearing, awarded Collins a new direct appeal. This is that appeal.

## II. FACTUAL BACKGROUND

Collins was originally charged with first degree sexual assault of a child and third degree sexual assault of a child. Pursuant to a plea agreement, Collins pled no contest to first degree sexual assault, pursuant to § 28-319(1)(c). On June 26, 2013, he was sentenced to 10 to 15 years' imprisonment, with credit for 396 days' time served. The child in question was Collins' 12-year-old stepdaughter. The record shows that various incidents of sexual abuse—including walking around naked, masturbating in front of the victim, inappropriately touching the victim, and, eventually, digitally penetrating the victim—took place for over a year.

Collins filed a notice of appeal with the Nebraska Court of Appeals, but it was dismissed due to the lack of payment of a docket fee or the granting of in forma pauperis status.

On June 20, 2014, Collins filed a motion seeking postconviction relief. In that motion, Collins alleged that his trial counsel was ineffective (1) for failing to file a direct appeal and (2) for various actions made or not made at trial. On September 16, the district court granted Collins' request for an evidentiary hearing on his allegation regarding his direct appeal, and denied a hearing with respect to the remainder of Collins' allegations. In so denying, the district court concluded that either Collins' allegations were insufficiently pled because he did not allege how he was prejudiced or the allegations were not supported by the record.

Following an evidentiary hearing, on January 7, 2015, the district court granted Collins a new direct appeal. That appeal was filed on February 3. In the appeal, Collins assigns that his sentence was excessive and that his trial counsel was ineffective in various ways, all of which were raised in Collins' original postconviction motion. At no point did Collins appeal from the district court's September 16, 2014, denial of his allegations of ineffective assistance of counsel.

### III. ASSIGNMENTS OF ERROR

Collins first assigns that the sentence imposed by the district court was excessive. Collins also assigns that he was denied effective assistance of counsel when his trial counsel (1) failed to inform Collins of the potential penalty for a Class II felony, (2) failed to attack the validity of the information for lack of jurisdiction, (3) failed to make a motion for DNA testing or investigate why a sexual assault evidence collection kit was not completed, (4) failed to file a motion to discharge or dismiss, (5) failed to move to sever the offense, (6) failed to file a motion seeking to exclude testimony from the victim and two witnesses, (7) failed to conduct depositions of a police detective and a child advocacy center employee, (8) failed to show Collins transcripts of any depositions, (9) failed to object to or correct the factual basis provided at Collins' plea hearing, (10) coerced Collins into accepting a plea deal, and (11) failed to attend a presentence investigation interview with Collins or review presentence investigation errors with Collins.

### IV. STANDARD OF REVIEW

[1] An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[1]

[2] To establish a right to relief because of a claim of ineffective counsel at trial or on direct appeal, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[2]

---

[1] *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015).

[2] *State v. Lassek*, 272 Neb. 523, 723 N.W.2d 320 (2006).

## V. ANALYSIS

### 1. STATE'S JURISDICTIONAL ARGUMENT

Before addressing the issues presented by Collins on appeal, we must first address the State's contention that we lack jurisdiction to determine those assignments of error which were raised before the district court as ineffective assistance of counsel claims in Collins' earlier postconviction action. As noted above, Collins raised an allegation regarding his counsel's failure to file a direct appeal, as well as other allegations regarding his trial counsel's performance. The district court considered all claims on their merits. Ultimately, the court granted the request for an evidentiary hearing on the appeal issue and ordered a new appeal, but denied the remainder of Collins' claims.

Collins did not appeal from the denial. For this reason, the State argues that this court lacks jurisdiction to decide any issues raised both in the postconviction action and in the direct appeal. Collins, though, argues that the Court of Appeals' decisions in *State v. Seeger*,[3] and *State v. Determan*[4] support the conclusion that the district court ought not to have decided those issues.

As an initial matter, we do not believe that the issue raised by the State affects this court's jurisdiction to decide this appeal. Rather, we read the State as arguing that Collins is procedurally barred from asserting those issues on direct appeal because he did not appeal from the district court's denial of the claims.

Under ordinary circumstances, the State would be correct. Normally, Collins' failure to appeal from the order of the district court denying his other postconviction claims would be fatal to those claims. Any attempt by Collins to again allege

---

[3] *State v. Seeger*, 20 Neb. App. 225, 822 N.W.2d 436 (2012).

[4] *State v. Determan*, 22 Neb. App. 683, 859 N.W.2d 899 (2015).

error in those particulars would be a collateral attack on the order denying relief and impermissible.[5]

Nor does our recent decision in *State v. Determan*[6] provide Collins any relief. In *Determan*, we modified a procedure that the Court of Appeals had adopted for district courts to follow when deciding postconviction claims that raised both an allegation that trial counsel was ineffective for failing to file a direct appeal and other ineffective assistance of counsel claims. We concluded that the failure to follow this procedure would result in the vacating and remanding of the district court's order denying postconviction relief. But an appellant must still appeal from that order to obtain relief, and Collins did not do so.

[3] We will not apply a procedural bar here. This case presents an unusual factual circumstance which raises constitutional concerns. The Sixth Amendment to the U.S. Constitution gives one accused of a crime the right to the assistance of counsel.[7] Similarly, Neb. Const. art. I, § 11, confers on criminal defendants the right to appear and defend in person or by counsel. The district court's order recited that at all pertinent times, Collins was represented by court-appointed counsel. Thus, the record is clear that Collins was considered to be indigent.

[4] On a direct appeal, then, Collins was entitled to the effective assistance of counsel. In *Douglas v. California*,[8] the U.S. Supreme Court held that in first appeals as of right, states must appoint counsel to represent indigent defendants. The U.S. Supreme Court has since made clear that its holding in

---

[5] *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

[6] *State v. Determan, ante* p. ___, ___ N.W.2d ___ (2016).

[7] See *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

[8] *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

*Douglas* did not extend to discretionary appeals to a state's highest court.[9]

[5] This court has stated that the power to grant a new direct appeal is implicit in Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2014) and that the district court has jurisdiction to exercise such power where the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings.[10] And in this case, the district court granted Collins a new direct appeal after concluding that this right was earlier infringed upon as a result of the ineffectiveness of counsel.

But to apply a procedural bar here to limit this court's review of assignments of error which would normally have been reviewed during an appeal immediately after final judgment would deprive Collins of a counseled appeal on those allegations. Because our postconviction statute allows a district court to order a new direct appeal where a defendant directs trial counsel to appeal,[11] the direct appeal must have the same incidents that the ineffectively lost appeal would have had. And the right to the assistance of counsel is clearly one of those incidents.

We therefore turn to the merits of Collins' direct appeal.

## 2. Excessive Sentence

[6] On appeal, Collins first assigns that his sentence was excessive. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[12] An abuse of discretion occurs when a

---

[9] *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

[10] *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008).

[11] See *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

[12] *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[13]

[7] In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[14]

Collins was convicted of a Class II felony, which is punishable by 1 to 50 years' imprisonment.[15] Collins was sentenced to 10 to 15 years' imprisonment. As such, his sentence was within the statutory limits.

The sentence was also not otherwise excessive. In sentencing Collins, the district court noted that it was aware of Collins' lack of a criminal history, but explained that a prison sentence was warranted due to the period of time over which the abuse took place, as well as the young age of the victim. In short, a review of the sentencing hearing shows that the district court appropriately considered the relevant sentencing factors.

Collins' sentence was not excessive. His first assignment of error is without merit.

### 3. Ineffective Assistance of Counsel

[8,9] On appeal, Collins makes various claims regarding the ineffectiveness of his trial counsel. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.[16] The determining factor is whether the record is sufficient to adequately

---

[13] See *State v. Johnson, supra* note 1.

[14] *State v. Dixon, supra* note 12.

[15] Neb. Rev. Stat. § 28-105 (Reissue 2008 & Cum. Supp. 2014).

[16] See *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

review the question.[17] An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.[18]

(a) Failure to Inform Collins of
Penalty for Class II Felony

Collins argues that his counsel was ineffective in failing to properly inform him of the potential penalty for a Class II felony. We conclude that we have a sufficient record to review this claim.

In order to show that his counsel was ineffective, Collins must show that his counsel's performance was deficient and that he was prejudiced by counsel's deficiency. But in this case, a review of the bill of exceptions from Collins' plea hearing reveals that the district court accurately informed Collins of the penalty connected with a Class II felony. For this reason, Collins cannot show that he was prejudiced by any deficient conduct on the part of trial counsel. This assignment of error is without merit.

(b) Remaining Allegations

Collins makes various other allegations of ineffective assistance of counsel. We have reviewed the allegations and conclude that the record on direct appeal is not sufficient to address them. Accordingly, we decline to reach the remainder of Collins' assignments of error.

VI. CONCLUSION

The decision of the district court is affirmed.

Affirmed.

---

[17] *Id.*

[18] *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015).