IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ALLIO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JAY A. ALLIO, APPELLANT.


Filed April 12, 2016.    No. A-15-939.


Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed.

Thomas S. Stewart, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.


MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Jay A. Allio appeals from his plea-based convictions for first degree sexual assault of a child and incest in the district court for Buffalo County. On appeal, he asserts that his sentence was excessive and that he received ineffective assistance of counsel, resulting in the entry of no contest pleas that were not knowing, voluntary, and intelligent. For the reasons set forth herein, we affirm.

## II. BACKGROUND

The State filed an information in the district court on April 28, 2015, charging Allio in count I with first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01 (Cum. Supp. 2014), a Class IB felony, and in count II with incest in violation of Neb. Rev. Stat. § 28-703 (Reissue 2008), a Class III felony.

- 1 -

On July 13, 2015, Allio pled no contest to both counts of the information, as amended by interlineation to correctly state that the alleged acts committed by Allio occurred between May 1, 2012, and September 30, 2014. In exchange for his pleas, the State agreed to not amend or add any other charges arising out of the same events. Upon the district court's inquiry, Allio affirmed that this was the plea agreement he had made, that he did not need any more time to discuss the plea with his attorney, and that he was satisfied with his attorney's advice and representation of him in this case.

The district court read the charges found in the information as amended, and Allio indicated that he understood them and wished to plead no contest to both counts. The court explained and Allio stated that he understood his constitutional rights, the consequences of a plea agreement, and the nature of the charges. The prosecutor then advised Allio of the possible penalties that could be imposed. We note that both during the plea hearing and during the prior arraignment hearing, Allio was advised by the prosecutor that count I carried a maximum sentence of life imprisonment and a minimum sentence of 15 years, but he was not advised on the record that this was a mandatory minimum. The court advised Allio of other disadvantages and liabilities arising out of a felony conviction, including required compliance with the Nebraska Sex Offender Registration Act. Upon the court's inquiry, Allio informed the court that no one threatened, pressured, or forced him to plead; that, other than the stated plea agreement, no one had made any promises to get him to plead; and that he still wished to plead no contest to both charges.

According to the factual basis provided by the prosecutor, in March 2015, police met with Allio's wife who informed them that Allio had sexually assaulted her 7-year-old daughter, Allio's stepdaughter. Allio confessed to his wife that the abuse had occurred approximately 2 to 3 times per week over the previous two years. The sexual abuse, which occurred in multiple locations in the family residence, included oral sex, vaginal and anal digital penetration, kissing and fondling, and "everything except for intercourse." Police also interviewed the victim, who confirmed that digital penetration had occurred "more times than she could count." She also indicated that she had watched "movies with men and women who were naked" and had "seen her dad's private part." Allio's attorney agreed that if the case went to trial, the facts as described in the factual basis would constitute the evidence the State would offer in support of its prima facie case.

The district court found beyond a reasonable doubt that there was a factual basis for Allio's pleas and the determination of guilt on each count; that Allio understood his rights, the nature of the charges, the possible penalties, and the consequences of his pleas; and that Allio's pleas had been made freely, voluntarily, knowingly, and intelligently. The court accepted Allio's pleas and found him guilty as charged in the amended information.

A sentencing hearing was held before the district court on September 11, 2015. Upon the court's inquiry, Allio's attorney noted that he had reviewed the presentence investigation report (PSR) but had not discussed it with Allio. Because Allio and his counsel had "in substance discussed the case," Allio's counsel felt no further conversation was needed. However, the court recessed briefly to allow Allio's counsel to review the content of the PSR with Allio in greater detail. Following that review, Allio's counsel informed the court that he wished to call two witnesses on Allio's behalf with regard to sentencing. Allio's mother, a chaplain, testified about her counseling of Allio and his wife when they reached out to her after Allio informed his wife of

the sexual abuse. The prison pastor for the jail where Allio was incarcerated testified about his spiritual counseling of Allio. The court then heard comments from counsel and gave Allio an opportunity to speak. Allio expressed his sorrow and regret for the sexual abuse and informed the court that his drug use had a "major influence" on him.

The district court noted its consideration of Allio's age, mentality, education, experiences, social and cultural background, essentially minimal criminal record and record of law abiding conduct, motivation for the offenses, nature of the offenses, and the length of time over which the offenses occurred. The court stated that the nature of the offense was "by far the most important consideration" and went on to note the specific details of the sexual abuse perpetrated by Allio as well as the repeated cycle of methamphetamine use, sexual abuse, and feelings of guilt experienced by Allio. The court found that Allio was a "significant danger" both to society and young girls who might come into contact with him, stating that it had "significant concerns both for the protection of this community, as well as the need to inflict punishment significant enough to demonstrate what this Court believes was an incredibly selfish and cruel act, which was repeated multiple times." The court found that Allio was not a candidate for probation, noted that first degree sexual abuse of a child carried a mandatory minimum sentence of 15 years and incest had a minimum sentence of one year, and determined that neither one of those minimums was appropriate in Allio's case. On count I, the court sentenced Allio to a term of incarceration for a period 25 to 30 years, 15 of which were mandatory, and made this sentence consecutive to the sentence imposed on count II. The court also informed Allio of the relevant good time calculation and gave him credit on that sentence for 191 days served. On count II, the court sentenced Allio to a term of incarceration for a period of 5 to 10 years. The court erroneously informed Allio that this sentence carried a mandatory minimum of one year. After further discussion of Allio's parole eligibility, the court also informed him of his sex offender registration requirements.

After a recess during which Allio reviewed and signed paperwork relating to his sex offender registration, the district court noted that it had reviewed the sentencing statutes and had misspoken previously. Although the court corrected its earlier misstatement that the incest offense carried a mandatory minimum sentence of one year, it mistakenly advised Allio that neither offense carried a mandatory minimum sentence, stating specifically:

> These are consecutive sentences, which means they will run one after the other. I misspoke in stating that they were mandatory minimums, which means that ordinarily there would be no good time accrued until after the minimum sentence had been fulfilled. However, the minimum sentences in these two cases are 20 years on the first count and one year on the second. They are not mandatory minimums. That means you can accrue good time immediately on your incarceration.

The court advised Allio again with respect to the good time calculation and his parole eligibility. The court erroneously stated that on count I, assuming that Allio earned the maximum good time credit, he would be required to serve 12½ years on the minimum term of the sentence before obtaining parole eligibility.

Allio subsequently perfected his appeal to this court.

### III. ASSIGNMENTS OF ERROR

Allio asserts that the district court abused its discretion by imposing an excessive sentence and that he received ineffective assistance of trial counsel.

### IV. STANDARD OF REVIEW

An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id.*

### V. ANALYSIS

#### 1. ADVISEMENT OF SENTENCE ON COUNT I

Before addressing Allio's assigned errors, we first address the trial court's erroneous advisement of the minimum sentence on Count I, as well as its erroneous advisement of good time credit and probation eligibility on this count. Allio did not assign error to the court's pronouncement of sentence or attempt to set aside his plea due to the court's error in its pronouncement. Nor does the State address this issue in its brief. Consideration of plain error occurs at the discretion of an appellate court. *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. McSwine*, 292 Neb. 565, 873 N.W.2d 405 (2016).

As noted above, at the plea hearing, Allio was advised that the minimum sentence on first degree sexual assault of a child is 15 years, although he was not advised that this was a mandatory minimum sentence. At the sentencing hearing, the trial court first properly advised Allio that this count carried a mandatory minimum sentence of 15 years, but subsequently retracted that advisement while the parties remained in court. The court then erroneously advised Allio that the minimum sentence for this count was 20 years and that it did not carry a mandatory minimum sentence.

A similar situation occurred in the case of *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). In that case, the defendant pled no contest to first degree sexual assault of a child. Prior to accepting his plea, the trial court informed him that the sentencing range was 20 years' to life imprisonment. At the sentencing hearing, the court advised the defendant that the offense had a mandatory minimum of at least 20 years and sentenced him to a term of 40 to 50 years'

imprisonment. On appeal, the defendant assigned that the trial court erred by not properly advising him of the crime's range of penalties prior to acceptance of his plea, rendering his plea invalid.

The Nebraska Supreme Court first explained the distinction in the context of that case between "minimum" and "mandatory minimum." The Court observed that while it had previously stated a court must advise a defendant of any applicable mandatory minimum sentence, none of those cases involved a "mandatory minimum" where the only consequences related to removing probation eligibility and the accrual of good time prior to service of the mandatory minimum. The Court determined that for purposes of the authorized limits of an indeterminate sentence under Neb. Rev. Stat. § 29-2204(1)(a)(ii)(A) (Cum. Supp. 2014), both "mandatory minimum" as used in § 28-319.01(2) and "minimum" as used in § 28-105 in regard to a Class IB felony mean the lowest authorized minimum term of the indeterminate sentence. *State v. Russell, supra*. The Court concluded that while the designation of the minimum as "mandatory" in § 28-319.01 did not affect the range of penalties for first degree sexual assault of a child, the specification of a different minimum from that found in § 28-105 did, and it went on to determine the correct range of penalties for the offense.

In addressing the correct range of penalties for first degree sexual assault of a child, the Nebraska Supreme Court first noted the longstanding principle that in order to support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, among other requirements the record must establish that the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Russell, supra*. The Court then considered whether the minimum penalty for first degree sexual assault of a child was controlled by the specific provision set forth in § 28-319.01(2) or by the general sentencing provision for Class IB felonies set forth in § 28-105. The Court determined that the range of penalties for sexual assault of a child in the first degree, first offense, under § 28-319.01(2), is 15 years' to life imprisonment. *State v. Russell, supra*. In other words, the Supreme Court concluded that the special minimum established in § 28-319.01(2) (mandatory minimum of 15 years' to life) supersedes the minimum for Class IB felonies set forth in § 28-105 (20 years' to life).

Next, the Supreme Court in *Russell* addressed the trial court's erroneous advisement at the plea hearing of the minimum sentence for first degree sexual assault of a child (20 years instead of 15 years). The Supreme Court noted, however, that a court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal. *State v. Russell, supra*. The Court found no prejudice resulting from the erroneous advisement. The defendant's sentence was within both the statutory range of penalties and the range stated by the district court. The Court also found it inconceivable that the defendant would plead no contest after being advised of a 20-year minimum sentence but would not have entered such a plea if he were properly informed that the minimum sentence was 15 years, especially considering the number of additional counts faced by the defendant prior to entering into a plea agreement.

Finally, the Supreme Court in *Russell* addressed the incorrect advisement regarding the mandatory minimum sentence, explaining that the different good time calculation of a "mandatory minimum" did not affect the validity of the plea. The Supreme Court noted that the addition of the word "mandatory" to "minimum" in § 28-319.01(2) does not affect the range of penalties; rather, it designates a specific minimum for sexual assault of a child in the first degree. The court noted

- 5 -

that the requirement that a defendant be advised of any mandatory minimum penalty is designed to insure that a defendant knows what minimum sentence the judge must impose. The Court determined that the defendant's assigned error depended solely upon the consequences of a mandatory minimum sentence; namely the accrual of good time and parole eligibility. Regarding the incorrect advisement given to the defendant concerning his parole eligibility, the Supreme Court held that because the truth-in-sentencing advisements are not required until a sentence is pronounced, the incorrect advisement did not affect the validity of the defendant's plea. The Court went on to state that § 29-2204 plainly provides that in the event of a discrepancy between the statement of the minimum limit of the sentence and the statement of parole eligibility, the statement of the minimum limit controls the calculation of the offender's term. *State v. Russell, supra*. Thus, a trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed. *Id*.

In our case, Allio was properly advised at the plea hearing that the minimum sentence for first degree sexual assault of a child is 15 years, although he was erroneously advised at the sentencing hearing that the minimum sentence is 20 years. Nevertheless, as in *Russell*, Allio's sentence was within both the statutory range of penalties and the range stated by the district court.

As in *Russell*, Allio was not advised at the plea hearing that the sexual assault of a child count carried a mandatory minimum sentence. Further, Allio was erroneously advised at the sentencing hearing that it did *not* carry a mandatory minimum sentence. Allio was also erroneously advised regarding his good time credits and eligibility for parole when the district court made its second pronouncement at the sentencing hearing. As determined by the Supreme Court in *Russell*, the mandatory minimum sentence requirement in § 28-319.01(2) has the effect of removing eligibility for probation and denying accrual of good time prior to service of the first 15 years of any minimum term.

Here, the district court's incorrect statements regarding Allio's good time and parole eligibility are not part of the sentence and do not evidence ambiguity in the sentence imposed. See, *State v. Russell, supra*. Accordingly, we do not find any reversible plain error with respect to Allio's sentence. Because we are not called upon in this appeal to determine the voluntariness of Allio's plea, we are not considering plain error in that regard, and we do not address the question of whether Allio was prejudiced by the court's erroneous advisement regarding the mandatory minimum sentence required by the statute. We now address Allio's assigned errors.

## 2. EXCESSIVE SENTENCE

Allio asserts that the district court abused its discretion by imposing an excessive sentence. Allio was convicted of first degree sexual assault of a child and incest. First degree sexual assault of a child is a Class IB felony with a maximum prison sentence of life and a mandatory minimum of 15 years. § 28-319.01; Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). See, also, *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015) (range of penalties for sexual assault of child in first degree, first offense, under § 28-319.01(2), is 15 years' to life imprisonment). Incest at the time of Allio's conviction was a Class III felony, regardless of the age of the victim, with a maximum prison term of 20 years and a minimum of one year, or a $25,000 fine, or both. § 28-703; § 28-105. In this case, on the first degree sexual assault of a child conviction, the district court sentenced Allio to

25 to 30 years in prison, to be served consecutive to the sentence imposed for the incest conviction. The court gave Allio credit on this sentence for 191 days of time served. On the incest conviction, the court sentenced Allio to 5 to 10 years in prison.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016). In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Sikes*, 286 Neb. 38, 38, 834 N.W.2d 609, 610 (2013). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

The PSR shows that Allio was 46 years old at the time of the report. Allio graduated from high school and attended college intermittently but never earned a degree. Allio has a limited criminal history with convictions in Nebraska only for two traffic offenses, although he also reported to the probation officer conducting the investigation that he had been arrested on two previous occasions in Kansas for driving under the influence and once for possession of cocaine. Allio has been regularly employed in his adult life, but he lost his most recent employment in January 2015 due to tardiness related to his drug use. In January 2015, he was hospitalized briefly for his methamphetamine use. Upon his hospitalization, he reported having used methamphetamine for a long time but more consistently in the previous 2 years with increased use in previous 6 months. The discharge summary from the hospital gave a discharge diagnosis of, "Axis I: Methamphetamine induced psychotic disorder. Methamphetamine use disorder, severe. Alcohol use disorder in early remission." Allio completed a Substance Abuse Questionnaire, which placed him in the maximum risk range for drugs; the medium risk range for alcohol, antisocial, violence, and stress coping; and the low risk range for aggressiveness. As part of a sex offender specific assessment, Allio completed the Vermont Assessment for Sex Offender Risk, which showed he was in the low risk range to reoffend. The probation officer, however, disagreed with that assessment. Allio scored a 20 on the level of service/case management inventory, which placed him in the high risk/needs range. According to the probation officer, males scoring at that level have a recidivism rate of 64.7-percent without intervention. He scored high or very high in the categories of leisure/recreation, alcohol/drugs, and procriminal attitude/orientation. He was in the moderate to high risk range on the self-reporting simple screening instrument and the high risk range on the standardized risk assessment reporting format. Allio spoke at the sentencing hearing and expressed regret for his actions. The presentence report included letters of support from Allio's family as well as from the family of the victim, expressing the significant impact of Allio's actions.

At the sentencing hearing, the district court announced that it had reviewed the information provided in the PSR. The court noted Allio's lack of significant prior criminal history. The court

also noted the serious nature of the crime, involving multiple instances of digital penetration of a young girl over the course of several years, and Allio's repeated cycle of methamphetamine use, sexual abuse, and feelings of guilt. The court characterized Allio's crimes as "an incredibly selfish and cruel act, which was repeated multiple times."

We conclude that the sentences imposed by the district court were not excessive and that the court did not abuse its discretion when it sentenced Allio within the statutory limits.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

#### (a) Allio's Claims

Allio asserts that he received ineffective assistance of trial counsel. Specifically, he asserts that his trial counsel was ineffective in failing to (1) move the court for a bond reduction, (2) review the evidence with Allio other than the basic statements of the victim, (3) provide discovery documents to him, (4) review the PSR with him prior to the sentencing hearing, (5) advise him of the mandatory minimum sentence which count I carried, (6) timely and effectively communicate with him throughout the pendency of the matter, and (7) properly advise him of the plea agreement.

#### (b) Relevant Law

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). Otherwise, the issue will be procedurally barred. *Id.* In the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. McSwine*, 292 Neb. 565, 873 N.W.2d 405 (2016). A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id.* When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.* An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

### (c) Record Insufficient to Address on Direct Appeal

Allio claims that his trial counsel was ineffective in failing to review the evidence other than the basic statements of the victim with him, to provide discovery documents to him, and to properly advise him of the plea agreement. The record on direct appeal does not contain evidence of the extent and content of any discussions between Allio and his trial counsel with respect to these issues. The record is insufficient to review these claims on direct appeal.

Allio also asserts that his trial counsel was ineffective for failing to timely and effectively communicate with him throughout the pendency of the matter. Although this claim arguably lacks specificity, we determine that the record is insufficient to address this claim on direct appeal.

Allio asserts that his trial counsel was ineffective in failing to advise him of the mandatory minimum sentence for first degree sexual assault of a child. The record before us is silent regarding whether Allio's counsel advised him that his plea subjected him to a mandatory minimum penalty. There is no evidence in the record that Allio would have insisted on going to trial had he been properly advised of the effect of the mandatory minimum sentence required under the statute. The record is inadequate to address this alleged claim of ineffective assistance of counsel on direct appeal.

### (d) Bond Reduction

Contrary to Allio's assertion, his trial counsel filed a motion for bond reduction on June 2, 2015. The motion was later withdrawn because Allio "currently lack[ed] the means to post a bond in any amount." Allio does not assign error to the withdrawal of the motion or allege that his situation changed such that filing a further motion for bond reduction would have been appropriate. Nor can he show any prejudice from any such failure by his trial counsel. It seems unlikely that Allio would have rejected his plea and insisted on going to trial in the event his counsel had filed such a motion. To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial. *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015). This claim of ineffective assistance of trial counsel is without merit.

### (e) Review of PSR

The record supports Allio's assertion that his trial counsel failed to review the PSR with him prior to the sentencing hearing. However, he cannot show prejudice from this failure. During the sentencing hearing, the district court gave Allio and his counsel the opportunity to review the PSR together, which review resulted in Allio's offer of testimony relevant to the sentencing considerations from two witnesses. Further, counsel's failure to review the PSR with him prior to sentencing could not have affected Allio's decision to accept the State's plea offer. Finally, to the extent this assertion ineffective assistance of counsel relates to his claim of having received an excessive sentence, we have already found that assignment of error to be without merit.

(f) Aggregate Error Argument

Allio argues that that the combination of all of the alleged errors by his trial counsel rendered his plea invalid. See *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015) (while any one of several errors may not, in and of itself, warrant reversal, if all of errors in aggregate establish that defendant did not receive fair trial, new trial must be granted).

In support of the seven instances of ineffective assistance of counsel alleged by Allio, he argues:

> Although none of the allegations [Allio] makes regarding the effectiveness of trial counsel in and of themselves rise to the level of being ineffective, all of the allegations taken as a whole could rise to that level. Failing to provide discovery or review evidence with [Allio], not communicating throughout the pendency of the case, and failing to advise of mandatory minimum sentences certainly would [a]ffect the decision making process of [Allio] with whether or not to accept a plea bargain offer and raises the question of whether [Allio's] plea was really freely, voluntarily, knowingly and intelligently made.

Brief for appellant at 8-9.

Allio has failed to establish his ineffective assistance of counsel claim with regard to trial counsel's failure to seek a bond reduction and review the PSR with him prior to sentencing. The record is insufficient to address Allio's claims regarding trial counsel's failure to review the evidence other than the basic statements of the victim with him, to provide discovery documents to him, to properly advise him of the plea agreement, to communicate with him, and to advise him regarding the mandatory minimum sentence for first degree sexual assault of a child. Accordingly, the argument that his trial counsel's aggregate errors warrant reversal is without merit.

VI. CONCLUSION

The district court did not impose excessive sentences and did not abuse its discretion when it sentenced Allio within the statutory limits. The record is insufficient to address Allio's claims regarding trial counsel's failure to review the evidence other than the basic statements of the victim with him, to provide discovery documents to him, to properly advise him of the plea agreement, to communicate with him, and to advise him regarding the mandatory minimum sentence for first degree sexual assault of a child. His remaining assertions of ineffective assistance are without merit as set forth above.

AFFIRMED.