IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PAULY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DUSTIN L. PAULY, APPELLANT.

Filed August 9, 2016.    No. A-16-147.

Appeal from the District Court for Buffalo County: JOHN P. ICENOGLE, Judge. Affirmed.

Michael W. Baldwin for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

INBODY, Judge.

## I. INTRODUCTION

Dustin L. Pauly appeals from his plea-based conviction of possession of marijuana with the intent to distribute, a Class III felony. He contends that the sentence imposed upon him was excessive and that he received ineffective assistance of trial counsel.

## II. STATEMENT OF FACTS

Pauly was initially charged with possession of marijuana with the intent to distribute and with being a habitual criminal. Pursuant to a plea agreement, Pauly pled to possession of marijuana with the intent to distribute. As part of the plea agreement, the State dismissed the habitual criminal charge; dismissed another pending county court case against Pauly involving misdemeanor charges of failure to submit to a chemical test, driving under the influence, and driving under suspension; and agreed not to file a charge of possession of a firearm or dangerous weapon by a felon. Additionally, the plea agreement provided for a joint sentence recommendation of 15 to 20

years' imprisonment to be served consecutively to the sentence Pauly was serving pursuant to his parole revocation for intent to deliver marijuana.

The factual basis provided by the State set forth that, around 4 a.m. on July 27, 2015, a Buffalo County sheriff's deputy was conducting a patrol in the Key West recreation area and observed a vehicle parked in that location with the engine running. The deputy made contact with the vehicle and observed the driver, identified as Pauly, sleeping. In plain view, the deputy observed two larger baggies containing smaller baggies of marijuana in them. During a search of the vehicle, officers found two individual bags containing marijuana, each marked a quarter, which is a common distribution amount, several unused plastic bags, a marijuana pipe, a digital scale, and some cash. The marijuana weighed a little more than two ounces.

Additionally, during the investigation, Pauly's cellular phone was seized and a search of that phone revealed that between July 11 and 27, 2015, Pauly sent numerous text messages and Facebook messages to contacts in his phone outlining offers to sell marijuana to the individuals for specific amounts. One such text message conversation with a contact discussed Pauly's delivery of 16 ounces of marijuana. The district court accepted Pauly's no contest plea and found him guilty. At the conclusion of the plea hearing, trial counsel informed the court that Pauly had a substance abuse evaluation, which the defense could provide to the probation office.

At the time of the presentence investigation report, Pauly was 28 years old, completed high school and two years of college, and was unemployed. He was single and had no dependents; however, at the time of the sentencing hearing, his first child had just been born. Pauly's criminal history included convictions for attempted theft by receiving stolen property, theft by unlawful taking up to $200 (3 convictions), theft over $200, theft by unlawful taking over $200 and less than $500, issuing a bad check less than $100, burglary, contempt of court (3 convictions), possession of marijuana, possession of a controlled substance, delivery or intent to deliver a controlled substance, possession or use of drug paraphernalia (3 convictions), disturbing the peace (2 convictions), first offense driving under the influence, driving during revocation, third degree assault, and various traffic offenses.

In the level of service/case management inventory, Pauly scored in the high risk or very high risk range in all but one of the factors and scored a total of 34, which placed him in the very high risk/needs range. The probation officer conducting the presentence investigation noted in the report that Pauly "has been underachieving thus far in his life. By his own admission, he has chosen not to maintain steady employment as he indicated he could make more money selling drugs." Additionally, Pauly was on parole at the time he committed the current offense.

Pauly advised the probation officer that he wanted to be considered for probation and indicated he felt he could benefit from long-term residential treatment. The probation officer noted that, although Pauly qualified for the Specialized Substance Abuse Supervision program, Pauly had not taken the opportunity to complete treatment and it was "questionable on how sincere [Pauly was] in changing his behavior," and testing indicated that Pauly was a high risk to reoffend. The probation officer noted that Pauly completed a chemical dependency evaluation with South Central Behavioral Services and the probation office had not yet received a copy of the assessment but would forward the information to the court once it was received. At the outset of the sentencing hearing, Pauly's attorney clarified that Pauly's chemical dependency evaluation had been provided

to the court and the court acknowledged that "I do have it, and I will keep it . . . and make it a part of the presentence report."

As it was pronouncing Pauly's sentence, the district court noted that Pauly had received a benefit from his plea agreement and sentenced Pauly to 15 to 20 years' imprisonment with credit for 177 days' served with the sentence ordered to be served consecutively to the sentence Pauly was currently serving. Pauly has timely appealed to this court and is represented by different counsel on appeal.

## III. ASSIGNMENTS OF ERROR

Pauly contends that the district court abused its discretion in imposing an excessive sentence and that he received ineffective assistance of trial counsel.

## IV. ANALYSIS

### 1. EXCESSIVE SENTENCE

Pauly's first assigned error is that the district court abused its discretion in imposing an excessive sentence.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Carpenter*, 293 Neb. 860, 880 N.W.2d 630 (2016); *State v. Russell,* 292 Neb. 501, 874 N.W.2d 8 (2016). It is within the discretion of the trial court whether to impose probation or incarceration. *State v. Rieger***,** 286 Neb. 788, 839 N.W.2d 282 (2013). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Carpenter*, *supra*; *State v. Casares,* 291 Neb. 150, 864 N.W.2d 667 (2015).

With regard to the relevant factors that must be considered and applied, we have stated that when imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Carpenter*, *supra*; *State v. Casares, supra.*

In the instant case, Pauly was convicted of possession of marijuana with the intent to distribute, a Class III felony, which at the time of the commission of the offense in this case was punishable by up to 20 years' imprisonment and/or a $25,000 fine. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014); Neb. Rev. Stat. § 28-416 (Cum. Supp. 2014). His sentence of 15 to 20 years' imprisonment was within the statutory sentencing range.

Although Pauly expressed an interest in being placed on probation and a desire to enter inpatient drug treatment, the probation officer conducting the presentence interview noted that Pauly had not taken the opportunity to complete treatment and "[i]t is questionable on how sincere [Pauly] is in changing his behavior." Of additional concern is that Pauly was on parole when he committed the instant offense and testing indicated that he is at a high risk to reoffend. Pauly also has a fairly substantial criminal record including convictions for burglary, disturbing the peace,

issuing a bad check less than $100, driving under the influence, driving during revocation, third degree assault, and numerous convictions related to theft, controlled substances, and contempt of court.

Further, Pauly received a substantial benefit from the plea agreement in this case. Pauly pled no contest to a Class III felony and the State agreed to dismiss a habitual criminal charge; dismissed another pending county court case against Pauly involving misdemeanor charges of failure to submit to a chemical test, driving under the influence and driving under suspension; and agreed not to file a charge of possession of a firearm or dangerous weapon by a felon.

Based upon the facts that the sentence imposed was within the statutory sentencing range, Pauly's criminal history, his commission of the current offense while on parole, testing which shows that he is at high risk to reoffend, and the probation officer's expression of concern over how sincere Pauly was regarding changing his behavior, we cannot say the sentence imposed was an abuse of discretion.

2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Pauly also contends that he received ineffective assistance of trial counsel because: (a) trial counsel failed to request that the sentencing hearing be continued to allow the district court to review Pauly's chemical dependency evaluation; (b) trial counsel failed to object to the county attorney's mischaracterization of Pauly's prior record by erroneously stating that Pauly had two burglary convictions; (c) trial counsel should have argued for a term of probation despite agreeing to a joint sentence recommendation as part of Pauly's plea agreement; and (d) the cumulative effect of trial counsel's deficient conduct prejudiced his defense and there was a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016); *State v. Collins,* 292 Neb. 602, 873 N.W.2d 657 (2016). The determining factor is whether the record is sufficient to adequately review the question. *State v. Abejide*, *supra*; *State v. Collins, supra*. An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Abejide*, *supra*; *State v. Collins, supra*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*. However, an ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

(a) Failure to Request Continuance of Sentencing Hearing

Pauly contends that his trial counsel was ineffective for failing to request a continuance of the sentencing hearing to allow the district court to review the substance abuse evaluation. Brief for appellant at 3.

The record before this court is sufficient to review this claim and for us to determine that this claim is without merit. The facts in our record establish that Pauly and his counsel were in possession of the substance abuse evaluation since the plea hearing on November 20, 2015, which was two months prior to the January 20, 2016, sentencing hearing. At the outset of the sentencing hearing, trial counsel clarified for the record that the substance abuse evaluation had been provided to the court and the district court confirmed that it was in possession of the substance abuse evaluation. There is nothing in the record to establish that the court did not review the substance abuse evaluation and both defense counsel and Pauly had the opportunity to address the court regarding the contents of the evaluation. Thus, Pauly cannot establish prejudice by trial counsel's failure to request a continuance of the sentencing hearing for the purpose of allowing the district court to review his substance abuse evaluation.

(b) Mischaracterization of Criminal History

Next, Pauly contends that trial counsel was ineffective for failing to object to the county attorney's mischaracterization of Pauly's prior record by erroneously stating that Pauly had two burglary convictions.

The record before this court is sufficient for us to review this claim and to determine that this claim is without merit. Although the record does show that the county attorney did erroneously state that Pauly had two prior burglary convictions, there is no evidence that the court relied upon this statement in sentencing Pauly. Further, the district court had Pauly's presentence investigation report detailing his criminal history available for review prior to the sentencing hearing. Thus, Pauly could not establish prejudice as there is no reasonable probability that had trial counsel objected to the county attorney's misstatement of Pauly's criminal record that his sentence would have been different. See *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

(c) Probation

Next, Pauly contends that, despite agreeing to a joint sentence recommendation as a part of Pauly's plea agreement, trial counsel should have argued for a term of probation. In Nebraska, a court is never bound by the plea agreement made between a defendant and the government. *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013). Further, at his plea hearing, Pauly also acknowledged that he understood that the court was not required to follow a sentencing recommendation. Thus, even if trial counsel would have argued for a term of probation, the district court was not required to follow any sentencing recommendations by either the State or trial counsel and there was no reasonable probability that Pauly's sentence would have been different. See *State v. Casares*, *supra*. Additionally, trial counsel cannot be ineffective for failing to recommend a sentence that was contrary to a sentencing recommendation agreed upon by the defendant as part of the defendant's plea agreement. Thus, Pauly could not establish prejudice from trial counsel's failure to argue for a term of probation.

### (d) Cumulative Effect

Finally, Pauly contends that the cumulative effect of trial counsel's deficient conduct prejudiced his defense and there was a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. Having found that Pauly cannot establish prejudice on any of his claims of ineffective assistance of counsel, it likewise follows that he could not establish any prejudice on the cumulative effect of those alleged errors.

### V. CONCLUSION

Having found that the sentence imposed was not an abuse of discretion and finding Pauly's claims of ineffective assistance of counsel to be without merit, his conviction, and corresponding sentence, is affirmed.

AFFIRMED.