IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. JENNINGS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALLEN R. JENNINGS, SR., APPELLANT.

Filed July 11, 2017.    No. A-17-024.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Sentences vacated, and cause remanded for resentencing.

Thomas C. Riley, Douglas County Public Defender, and LeAnne M. Srb for appellant.

Douglas J. Peterson, Attorney General, and Nathan A Liss for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Allen R. Jennings, Sr., appeals from his plea-based convictions for attempted burglary and operating a motor vehicle during a revocation period. On appeal, he assigns only that the court imposed excessive sentences when it sentenced him to a period of 3 to 3 years' imprisonment in addition to 18 months of postrelease supervision for his conviction for attempted burglary and to a period of 2 to 2 years' imprisonment in addition to 12 months of postrelease supervision for his conviction for operating a motor vehicle during a revocation period.

Upon our review, we conclude that Jennings' sentences are invalid. Based upon the language contained in Neb. Rev. Stat. § 29-2204.02 (Reissue 2016), the district court was not permitted to impose indeterminate sentences for Jennings' convictions. In addition, we find that the district court failed to order Jennings' operator's license revoked for 15 years as a part of his

- 1 -

sentence for operating a motor vehicle during a revocation period, as is required by Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2016). Accordingly, we vacate his sentences and remand the cause to the district court for resentencing.

## BACKGROUND

On July 21, 2016, the State filed an information charging Jennings with count I: burglary, in violation of Neb. Rev. Stat. § 28-507 (Reissue 2016), a Class IIA felony; and count II: operating a motor vehicle during a revocation period, in violation of § 60-6,197.06, a Class IV felony. A few weeks later, the State filed an amended information. In the amended information, the State modified count I of the original information such that it charged Jennings with attempted burglary, in violation of Neb. Rev. Stat. § 28-201(4)(c) (Reissue 2016) and § 28-507, a Class IIIA felony. Count II remained unchanged in the amended information.

On August 17, 2016, Jennings appeared before the district court and indicated that he wished to plead guilty to the charges alleged in the amended information. Upon the district court's inquiry, Jennings affirmed that he understood the constitutional rights he was waiving by pleading guilty to the charges, that he understood the possible penalties for the charges, and that he had fully discussed his decision to plead guilty with his attorney.

The State provided the following factual basis for the charges:

[O]n June 9th of 2016, police were called to the area of 3539 North 45th Avenue. They met with a Martin Dudley who indicated that someone had broken into one of his rental properties and stolen a bags [sic] of tools. He indicated that this individual who was known to himself or to one of [the] residents by the name of Allen had come to 3539, walked in through the front door, and grabbed two bags of tools before being confronted by the renter of that residence, an individual by the name of Bill Newsome. Mr. Newsome told this Allen person he needed to leave, that he was going to call the police. The police were called. Allen was observed getting into a white Olds Alero and driving off with the bags of tools. The next day, Omaha police pulled over a white Olds Alero, identified the driver as the defendant, Allen Jennings. Inside the vehicle, they did discover tools that were identified by the victim, . . . Dudley, as tools belonging to him. Those facts all did occur in Douglas County, Nebraska.

In addition to the factual basis, the State also provided the district court with evidence that at the time the police stopped Jennings, his license was revoked due to a prior conviction for driving under the influence.

Ultimately, the district court accepted Jennings' guilty pleas to attempted burglary and operating a motor vehicle during a revocation period. The court subsequently sentenced Jennings to a period of 3 to 3 years' imprisonment in addition to 18 months of postrelease supervision for his conviction for attempted burglary. The court sentenced him to a period of 2 to 2 years' imprisonment in addition to 12 months of postrelease supervision for his conviction for operating a motor vehicle during a revocation period. The court ordered that both the terms of imprisonment and the periods of postrelease supervision were to be served consecutively.

Jennings appeals.

ASSIGNMENTS OF ERROR

Jennings assigns that the district court erred in imposing excessive sentences.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

ANALYSIS

On appeal, Jennings asserts that the district court abused its discretion in imposing a sentence of 3 to 3 years' imprisonment in addition to 18 months of postrelease supervision for his conviction for attempted burglary. He also asserts that the district court abused its discretion in imposing a sentence of 2 to 2 years' imprisonment in addition to 12 months of postrelease supervision for his conviction for operating a motor vehicle during a revocation period. We do not address Jennings' specific assertions on appeal because we find that the sentences imposed by the district court are invalid and amount to plain error.

Jennings was convicted of attempted burglary, a Class IIIA felony. See §§ 28-201(4)(c) and 28-507. A Class IIIA felony is punishable by up to 3 years' imprisonment and 18 months of postrelease supervision. Neb. Rev. Stat. § 28-105 (Reissue 2016). Jennings was also convicted of operating a motor vehicle during a revocation period, a Class IV felony. See §§ 60-6,197.06. A Class IV felony is punishable by up to 2 years' imprisonment and 9 to 12 months of postrelease supervision if imprisonment is imposed. § 28-105.

Section 29-2204.02(1)(a), which took effect prior to the time Jennings committed his offenses, indicates that the district court "shall [i]mpose a determinate sentence of imprisonment within the applicable range in section 28-105" when "imposing a sentence upon an offender for a Class III, IIIA, or IV felony." Here, the district court sentenced Jennings to 3 to 3 years' imprisonment on a conviction for a Class IIIA felony and to 2 to 2 years' imprisonment on a conviction for a Class IV felony. While these sentences are within the applicable range permitted by § 28-105, the sentences are considered indeterminate sentences under Nebraska law.

The Nebraska Supreme Court has recently explained:

A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment. . . . In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated. . . . In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence.

*State v. Artis*, 296 Neb. 606, 607, 894 N.W.2d 349, 349-50 (2017) (citations omitted) (supplemental opinion). See, also, *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). In those cases, the Supreme Court went on to specifically find that a sentence of not less than 2 years, nor

more than 2 years, was "an indeterminate sentence in which the minimum and maximum terms are the same." *State v. Artis*, 296 Neb. at 607, 894 N.W.2d at 350; *State v. Artis*, 296 Neb. at 179-80, 893 N.W.2d at 428.

Given the language of § 29-2204.02(1)(a) and given the Supreme Court's recent *Artis* opinions, we find that the sentences of incarceration imposed upon Jennings by the district court are invalid. The district court imposed indeterminate sentences when § 29-2204.02(1)(a) clearly indicates that the district court should have imposed determinate sentences. We conclude that because Jennings' sentences are invalid under the relevant statutory scheme, such sentences amount to plain error.

Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness to the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.

Inasmuch as this court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced, we vacate the sentences imposed and remand the matter to the district court for resentencing in accordance with § 28-105 and § 29-2204.02. See *State v. Frederick*, 291 Neb. 243, 864 N.W.2d 681 (2015).

Additionally, we note that § 60-6,197.06 provides that "the court shall, as part of the judgment of conviction [for operating a motor vehicle during a revocation period], revoke the operator's license of such person for a period of fifteen years from the date ordered by the court." The district court failed to revoke Jennings' operator's license for a period of 15 years as a part of his sentence for operating a motor vehicle during a revocation period. When the district court resentences Jennings for this conviction, it should include as a part of the new sentence the revocation of Jennings' operator's license for a period of 15 years pursuant to § 60-6,197.06.

## CONCLUSION

We vacate Jennings' sentences and we remand the matter to the district court for resentencing in accordance with § 28-105, § 29-2204.02, and § 60-6,197.06.

SENTENCES VACATED, AND CAUSE
REMANDED FOR RESENTENCING.