Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/25/2018 09:08 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
FREDRICK A. COLLINS, JR., APPELLANT.
___ N.W.2d ___

Filed March 2, 2018.    No. S-17-147.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo
   a determination that the defendant failed to allege sufficient facts to
   demonstrate a violation of his or her constitutional rights or that the
   record and files affirmatively show that the defendant is entitled to
   no relief.

2. **Postconviction: Proof: Appeal and Error.** When a district court denies
   postconviction relief without conducting an evidentiary hearing, an
   appellate court must determine whether the petitioner has alleged facts
   that would support the claim and, if so, whether the files and records
   affirmatively show that he or she is entitled to no relief.

3. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.**
   To establish a right to postconviction relief because of counsel's inef-
   fective assistance, the defendant has the burden, in accordance with
   *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.
   2d 674 (1984), to show that counsel's performance was deficient; that
   is, counsel's performance did not equal that of a lawyer with ordinary
   training and skill in criminal law. Next, the defendant must show that
   counsel's deficient performance prejudiced the defense in his or her
   case. To show prejudice, the defendant must demonstrate a reasonable
   probability that but for counsel's deficient performance, the result
   of the proceeding would have been different. A court may address
   the two prongs of this test, deficient performance and prejudice, in
   either order.

4. **Effectiveness of Counsel: Speedy Trial.** When a defendant alleges he
   or she was prejudiced by trial counsel's failure to properly assert the
   defendant's speedy trial rights, the court must consider the merits of
   the defendant's speedy trial rights under *Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Only if a motion would have resulted in the defendant's absolute discharge, thus barring a later trial and conviction, could the failure to move for discharge be deemed ineffective assistance.

5. **Speedy Trial.** To calculate the deadline for trial for speedy trial purposes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

6. **Effectiveness of Counsel.** As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument.

7. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.** When the defendant's petition presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the appointment of counsel. But, where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction petition contained no justiciable issue of fact or law, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Fredrick A. Collins, Jr., pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

CASSEL, J.

## I. INTRODUCTION

Fredrick A. Collins, Jr., appeals from an order denying his motion for postconviction relief. Collins failed to allege sufficient facts supporting the majority of his claims, and his remaining claims are without merit. We affirm.

## II. BACKGROUND

Collins was originally charged with first degree sexual assault of a child, a Class IB felony, and third degree sexual

assault of a child, a Class IIIA felony. Pursuant to a plea agreement, Collins pled no contest to a reduced charge of first degree sexual assault, a Class II felony, and the State dismissed the third degree sexual assault of a child charge. The district court sentenced Collins to 10 to 15 years' imprisonment with credit for 396 days of time served.

On direct appeal, Collins assigned that he received an excessive sentence and that he was denied effective assistance of trial counsel. He alleged that his trial counsel was ineffective when counsel (1) failed to inform him of the potential penalty for a Class II felony, (2) failed to attack the validity of the information for lack of jurisdiction, (3) failed to file a motion for DNA testing or investigate why a sexual assault evidence collection kit was not completed, (4) failed to file a motion to discharge or dismiss, (5) failed to move to sever the offenses, (6) failed to file a motion seeking to exclude testimony from the victim and two witnesses, (7) failed to conduct depositions of a police detective and a child advocacy center employee, (8) failed to show him transcripts of any depositions, (9) failed to object to or correct the factual basis provided at the plea hearing, (10) coerced his acceptance of a plea deal, and (11) failed to attend a presentence investigation interview with him or review presentence investigation errors with him.

We affirmed Collins' sentence and determined that he was not prejudiced by any failure of trial counsel to inform him of the potential penalty for a Class II felony.[1] We did not reach the remaining claims of ineffective assistance of counsel after determining that the record was not sufficient for review of those claims.

Collins has now filed a motion for postconviction relief reasserting his 2d through 8th and 10th claims of ineffective assistance of counsel which were not reviewed on direct appeal. He additionally filed a motion to appoint postconviction counsel.

---

[1] *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

The district court denied postconviction relief without an evidentiary hearing after finding Collins' claims were either insufficiently pled or without merit. The court also denied Collins' request for appointment of postconviction counsel.

Collins appealed, and we moved the case to our docket.[2]

## III. ASSIGNMENTS OF ERROR

Collins assigns, restated, that the district court erred in failing to (1) conduct an evidentiary hearing on his claims of ineffective assistance of counsel and (2) assign counsel for the postconviction proceeding.

## IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[3]

## V. ANALYSIS

### 1. Motion for Postconviction Relief

[2] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.[4] If none of Collins' allegations were sufficiently alleged, no evidentiary hearing was required. Likewise, no evidentiary hearing would be necessary even if some claims were sufficiently alleged, so long as the files and records affirmatively showed that he was entitled to no relief.

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[3] *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017).

[4] See *id.*

All of Collins' allegations are grounded in claims of ineffective assistance of counsel. The standard governing such claims is well settled.

[3] To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, in accordance with *Strickland v. Washington*,[5] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[6] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[7] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[8] A court may address the two prongs of this test, deficient performance and prejudice, in either order.[9]

With these standards in mind, we turn to Collins' specific claims. As explained below, none required an evidentiary hearing.

### (a) Failure to Attack Validity of Information

Collins alleged that he received ineffective assistance of counsel when trial counsel failed to attack the validity of the original information filed, because "the dates alleged concerning the offenses clearly posed a jurisdictional issue." However, he did not specify how the dates constituted a jurisdictional issue or how he was prejudiced when the dates were modified in the amended information.

---

[5] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[6] *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

[7] *Id.*

[8] *Id.*

[9] *Id.*

Collins argues in his brief on appeal that the court lacked jurisdiction, because some of the alleged actions took place in a different county and the victim lived in a different county from January 1, 2009, to June 30, 2010. But, the amended information alleged that Collins committed first degree sexual assault between June 25, 2011, and June 12, 2012, in Douglas County, Nebraska. Therefore, his allegations and conclusions concerning the time between January 1, 2009, and June 30, 2010, are irrelevant. Collins failed to identify any jurisdictional issue with the operative information and thus cannot show either deficient performance or prejudice.

### (b) Failure to Move for DNA Testing and
### Investigate Lack of Sexual Assault
### Evidence Collection Kit

Collins alleged that trial counsel was ineffective in failing to move for DNA testing and in failing to investigate why a sexual assault evidence collection kit was not completed. He argues that if such actions had been taken, evidence against him would have been suppressed or evidence exonerating him would have been admitted.

However, Collins did not allege what evidence a DNA test or collection kit would have discovered. Because this case involved various incidents of sexual abuse which recurred over a long period of time and included digital—but not penile—penetration,[10] his failure may well have resulted from an absence of evidence to test or collect. Accordingly, counsel could not be ineffective for failing to request such testing or investigate the lack of an evidence collection kit.

### (c) Failure to Move to Discharge
### on Speedy Trial Grounds

Collins alleged that trial counsel failed to move to discharge the information on speedy trial grounds. He maintains that the speedy trial clock had expired before entry of his plea.

---

[10] See *State v. Collins, supra* note 1.

[4] When a defendant alleges he or she was prejudiced by trial counsel's failure to properly assert the defendant's speedy trial rights, the court must consider the merits of the defendant's speedy trial rights under *Strickland*.[11] Only if a motion would have resulted in the defendant's absolute discharge, thus barring a later trial and conviction, could the failure to move for discharge be deemed ineffective assistance.[12]

[5] To calculate the deadline for trial for speedy trial purposes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).[13] The original information was filed July 30, 2012. Therefore, the speedy trial deadline before adding any excluded time was January 30, 2013.

The State argues that there were two periods of excludable time pursuant to § 29-1207(4). First, it argues that the time between Collins' pretrial motion to produce certain evidence, filed November 1, 2012, and the district court's order sustaining the motion on November 28, 2012 (27 days), was excludable. Second, it suggests that Collins' motion to continue the scheduled trial, filed January 16, 2013, was one of indefinite duration. Therefore, it argues that the time between the filing of the motion and the trial rescheduled for March 18, 2013 (61 days), was excludable. We agree on both counts.

[6] After adding the excluded time, the deadline for trial was April 28, 2013. Collins entered his plea of no contest on March 20. Because the deadline for speedy trial purposes had not run, defense counsel could not have been ineffective for failing to file a motion to discharge on speedy trial grounds.

---

[11] *Strickland v. Washington, supra* note 5; *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016).

[12] See *State v. Betancourt-Garcia, supra* note 11.

[13] See *id.*

As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument.[14]

### (d) Failure to Move for Severance

Collins alleged that trial counsel was ineffective for failing to sever the charges against him. He argued that "[h]ad [he] had separate trials, he would not have agreed to the plea agreement reached in this case."[15] However, Collins did not allege how he was prejudiced given that the third degree sexual assault of a child charge was dismissed pursuant to the plea agreement. In fact, it is impossible to see how two trials would have benefited Collins more than the plea agreement when he had previously admitted his wrongdoing to two witnesses for the State. Consequently, Collins has failed to allege prejudice on this claim.

### (e) Failure to Move to Exclude Testimony

Collins alleged that counsel was ineffective for failing to move to exclude testimony of the victim and two adult witnesses. He claimed, "Trial Counsel was aware or should have been aware that portions of the alleged victim's statements were perjurious when she lied and fabricated in her deposition . . . ."[16] However, Collins did not specify which statements were fabricated or provide any detail of the deposition. He also failed to identify the legal basis on which trial counsel could have excluded any of the testimony. Without more specificity, Collins failed to adequately allege this claim. Thus, the district court was correct in denying it without an evidentiary hearing.

### (f) Allegations Concerning Discovery

Collins alleged that trial counsel failed to conduct depositions of two State witnesses and review other deposition

---

[14] *State v. Schwaderer, supra* note 6.

[15] Brief for appellant at 14.

[16] *Id.*

transcripts with him. He generally claimed that, had counsel deposed the witnesses and shared all deposition transcripts with him, he "would not have agreed to the plea agreement in this matter."[17] But, without more, these are merely conclusory statements. Collins has not alleged any facts that the depositions may have revealed that would have prevented his acceptance of the plea deal. Because these claims were insufficiently pled, the district court was correct in denying the claims without an evidentiary hearing.

### (g) Coerced Acceptance of Plea Agreement

Collins alleged that trial counsel coerced his acceptance of the plea agreement by withholding discovery; admitting that counsel had never tried a case like his; failing to inform him of the rights he would waive by pleading guilty and how the proceedings would go; prompting him to answer the court's questions at the plea hearing; and suggesting that he would be imprisoned for at least 35 years if he did not plead guilty, but would likely get probation or a light sentence if he accepted the plea deal. However, these allegations are directly refuted by the record.

The district court informed Collins of the rights he would retain and the rights he would waive by entering his plea, which Collins stated he understood. The court also explained the range of penalties which Collins would be subject to as a result of his plea, which Collins again stated he understood. Collins asserted that "[t]here's been no promises" on whether he would receive a particular sentence or be placed on probation and affirmed that he had enough time to talk to his attorney before the hearing. This record affirmatively shows that Collins is entitled to no relief on this claim, because he freely, knowingly, intelligently, and voluntarily entered his plea pursuant to the plea agreement.

---

[17] *Id.*

### 2. MOTION TO APPOINT COUNSEL

[7] Collins assigns and argues that the district court erred when it denied his motion for appointment of postconviction counsel. When the defendant's petition presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the appointment of counsel.[18] But, where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction petition contained no justiciable issue of fact or law, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.[19]

As we have noted, Collins has not alleged facts sufficient to entitle him to an evidentiary hearing on his postconviction claim, and thus has raised no justiciable issue of fact or law. Therefore, the district court did not abuse its discretion in declining to appoint counsel.

### VI. CONCLUSION

For the reasons set forth above, we affirm the final order of the district court.

AFFIRMED.

KELCH, J., participating on briefs.
WRIGHT, J., not participating.

---

[18] *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

[19] See, *State v. Rice*, 295 Neb. 241, 888 N.W.2d 159 (2016); *State v. Phelps*, 286 Neb. 89, 834 N.W.2d 786 (2013).