IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. STRODTMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CODY A. STRODTMAN, APPELLANT.

Filed May 21, 2019.    No. A-18-897.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed.

Cody A. Strodtman, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Cody A. Strodtman, pro se, appeals from an order of the district court for Scotts Bluff County denying his motion for postconviction relief without an evidentiary hearing. We affirm.

BACKGROUND

Strodtman was originally charged in April 2016 with two counts of first degree sexual assault of a child, each a Class IB felony, pursuant to Neb. Rev. Stat. § 28-319.01 (Reissue 2016). Counsel was appointed to represent Strodtman. Pursuant to a plea agreement in July, the State filed an amended information charging Strodtman with one count of first degree sexual assault of a child. Strodtman pled no contest to the one count charged in the amended information and, in exchange for the plea, the State dismissed the other count and agreed to remain silent at sentencing. According to the factual basis provided by the State,

[T]he evidence would show that on April 4, 2016, this girl with the initials N.M., date of birth April . . . 2003, was interviewed at Capstone. She would have been 12 years-old at that time and she enclosed [sic] she had sexual intercourse with [Strodtman] on a number of occasions when he was living with their family and that he had been living with their family since January of 2016.

She described what she meant by sexual intercourse as a male penis going inside the female vagina. . . . [A]fter the Capstone interview there was [sic] some messages on her phone, I think these were Facebook Messenger. Sergeant [Monty] Lovelace with the Nebraska State Patrol reviewed it. There were messages between [Strodtman] and [N.M.] where they talked about a sexual relationship and at which point Sergeant Lovelace got on [N.M.'s] phone and started to message [Strodtman] and told [Strodtman], again, posing as a 12 year-old girl that she had been interviewed and . . . told investigators about their sexual relationship. . . . Sergeant Lovelace posed as the 12 year-old and said, I think I might be pregnant, what should I do? I'm thinking about killing myself. [Strodtman] responds and says, I'm going to go to jail. I'll end up getting killed. I told you it was a bad idea. Why didn't you delete our conversation? The messages go on, Sergeant Lovelace posing as a 12 year-old sends a message that says, can you really go to jail for having sex with me? [Strodtman] responds and says, yeah, and they will kill me in jail. And, if you are pregnant, yep, I will be going to jail. [Strodtman] then says, I don't think you are though because I pulled out every time.

With that admission of sexual intercourse, then the officers went and contacted [Strodtman], interviewed him, at which point he admitted to having sexual intercourse with a 12 year-old girl on at least two occasions and that he continued to stay in touch with her on Facebook.

They said her date of birth was April 20, 2003. His date of birth February 2, 1987. All of the events occurred in Scotts Bluff County, Nebraska.

The district court accepted Strodtman's no contest plea and found him guilty of the crime charged in the amended information. In August 2016, the district court sentenced Strodtman, who was represented by different counsel, to 20 to 30 years' imprisonment with credit for 134 days of time served; the court noted the mandatory minimum was 15 years' imprisonment. No direct appeal was filed.

In September 2017, Strodtman, pro se, filed a motion for postconviction relief alleging ineffective assistance of counsel, namely that he told counsel during the criminal proceeding that he was under the influence of marijuana when he confessed during the police interrogation and that counsel failed to investigate the voluntariness of Strodtman's confession to law enforcement by having him drug tested and failed to move to suppress the confession. In October, Strodtman filed an amended motion for postconviction relief alleging two additional claims of ineffective assistance of counsel: (1) counsel failed to investigate and discover some or similar crimes and sentences and make meaningful argument during sentencing that Strodtman should be given a sentence of 15 to 15 years' imprisonment, and (2) counsel advised him not to file a direct appeal because he "took a plea agreement," and on the suggestion of counsel Strodtman did not file a direct appeal.

In November 2017, a hearing was held on Strodtman's motion for postconviction relief. The purpose of the hearing was to determine whether an evidentiary hearing should be held. The district court received four exhibits from the State: (1) the plea agreement in the case; (2) a report from Sergeant Lovelace, along with screenshots of the Facebook Messenger conversation between Strodtman and N.M.; (3) a letter written by Strodtman (while undated, it appears to be a letter written in anticipation of sentencing: he recounted being sexually assaulted by his half-sister when he was 6 years old and how that affected him, his drinking and drug addiction, and asked for leniency in his sentencing); and (4) a 10-page police report from Investigator Joe Rohrer with the Scotts Bluff Police Department (recounted the investigation of the sexual assault, including the Capstone interview of N.M. and Strodtman's confession during a police interview--during the interview, Strodtman claimed to not remember much because he was drunk during the incidents, but said N.M. told him they had sex).

On January 23, 2018, the district court entered an order denying Strodtman's motion for postconviction relief without an evidentiary hearing. The court found that there was no merit to Strodtman's first claim regarding the voluntariness of his confession, and "[e]ven if [Strodtman] had told his counsel he had smoked marijuana prior to the interview with police, there is no indication by [Strodtman] how the interview would have gone differently or how is [sic] was rendered involuntary by his being under the influence of marijuana." The court noted that the investigator's report indicated that Strodtman was taken from his workplace to the police station, and prior to leaving work, Strodtman was operating a forklift. "This does not support [Strodtman's] assertion that 'he was incapacitated due to being under the influence of Marijuana.'"

As to Strodtman's second claim, that counsel should have researched other similar crimes and sentences and made a more meaningful sentencing argument, the district court stated Strodtman alleged no specific facts as to how he was prejudiced. "There were no co-defendants; so there are no sentences which one might say should be similar." The court said that a "1B felony has a possible maximum of life imprisonment; the defendant was sentenced to 20 to 30 years, 20 being the statutory minimum." (We note that the mandatory minimum for first degree sexual assault of a child is actually 15 years' imprisonment, as correctly stated by the district court at both the plea and sentencing hearings. See, § 28-319.01(2); *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015)).

As to Strodtman's third claim, that counsel advised him to not file a direct appeal, the district court stated that Strodtman asserted no facts as to what issue would have been raised on appeal, other than what had already been considered by the ruling and found to be without merit.

The district court stated that Strodtman's request for postconviction relief consisted of largely legal and factual conclusions, without detail of how prejudice may have actually occurred. Strodtman had not presented objective evidence showing a reasonable probability that he would have insisted on going to trial. And there was no indication the plea was the result of ineffective assistance of defense counsel. After reviewing the files and records, the court was satisfied that Strodtman was entitled to no relief. Accordingly, Strodtman's request for postconviction relief was denied in all respects.

In April 2018, Strodtman appealed the district court's January 23 decision, but his appeal was dismissed for lack of jurisdiction because it was not timely filed.

On June 18, 2018, Strodtman filed a "Motion to Vacate or Modify Judgment or Order" in which he alleged that he did not receive the district court's January 23 order until March 7 because the Clerk of Court mailed the order to his former attorney. After a hearing on July 24, the district court granted Strodtman's motion.

On August 27, 2018, the district court held a new hearing on Strodtman's motion for postconviction relief. It received into evidence the same four exhibits that were offered during the first hearing in November 2017. On August 28, 2018, the district court entered an order denying Strodtman's motion for postconviction relief without an evidentiary hearing for the same reasons set forth in its January 23 order.

Strodtman timely appeals.

ASSIGNMENT OF ERROR

Strodtman assigns, consolidated and restated, that the district court erred when it denied his motion for postconviction relief without an evidentiary hearing.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018).

ANALYSIS

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Collins, supra*. If none of Strodtman's allegations were sufficiently alleged, no evidentiary hearing was required. See *id*. Likewise, no evidentiary hearing would be necessary even if some claims were sufficiently alleged, so long as the files and records affirmatively showed that he was entitled to no relief. See *id*.

All of Strodtman's allegations are grounded in claims of ineffective assistance of counsel. The standard governing such claims is well settled.

To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Collins, supra*. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. Within the plea context, in order to satisfy the prejudice requirement to establish an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). A court may address the two prongs of this test, deficient performance and prejudice, in either order. *State v. Collins, supra*. The entire ineffectiveness analysis is viewed with a strong

presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *State v. Dunkin, supra.*

With these standards in mind, we turn to Strodtman's specific claims. As explained below, none required an evidentiary hearing.

VOLUNTARINESS OF PLEA

Strodtman claims that counsel's failure to investigate the voluntariness of his confession and failure to file a motion to suppress the confession constituted ineffective assistance of counsel. The State claim's that "Strodtman's assertions that he was 'incapacitated' and that his admission was 'not of his own free will' are mere conclusions of fact and law and thus are insufficient to justify an evidentiary hearing." Brief for appellee at 13. While Strodtman did not go into great detail about the factual circumstances of his confession or how he was prejudiced by counsel's actions or failure to act, we briefly address Strodtman's claim.

Like the district court, we find that even if Strodtman had told his counsel he was under the influence of marijuana at the time of his police interview, there is no indication by Strodtman of how that interview would have gone differently or how it was rendered involuntary. Aside from the fact that Strodtman was operating a forklift shortly before the interview (a fact that the district court found did not support the assertion of incapacitation), during the police interview, Strodtman repeatedly stated that he did not remember much because he was drunk during the incidents and said that N.M. told him they had sex. The most incriminating information did not come from the police interview, but rather, from Strodtman's statements in the Facebook messages with Sergeant Lovelace, posing as N.M. It was in those messages that Strodtman more clearly incriminated himself. We set forth some of those messages verbatim, including any typographical or grammatical errors.

> [N.M.:] i got interviewed tday. i didn't tell them anything bout us but they not leavin me alon bout it
>
> . . . .
>
> [N.M.:] . . . . they want me to take a lie detector about u. im scared they will find out and I don't want u to go to jail. this soooo sucks
>
> [Strodtman:] Y do they want u to do that
>
> [N.M.:] cuz they think we had sex
>
> i also thinK I may be pregnant. What should I do. I need u to help me . I am so scared I feel like killing myself
>
> [Strodtman:] . . . .
>
> Welp looks like ima go to jail n end up getting killed. . . . I told u it was a badd idea . . . .
>
> Y didn't u delete our convo. . . .
>
> [N.M.:] i ammm sooo sorry
>
> u can really go to jail for having sex with me??
>
> [Strodtman:] Ya n they will kill me in jail
>
> N if ur pregnant yup I'll b going to jail
>
> I don't think u r tho cause I pulled out every time
>
> [N.M.:] I haven't had a period in two months.

[Strodtman:] Its only been a few weeks since we did stuff . . . .

[N.M.:] it may have happened at the start . . . .

[Strodtman:] No cause we did stuff like 3weeks ago . . . .

Strodtman makes no claim of ineffectiveness of counsel with regard to these Facebook messages nor does he otherwise challenge the messages, which clearly incriminate him. In particular, Strodtman's belief that N.M. was not pregnant because he "pulled out every time" presumes that he penetrated N.M.; penetration, along with the ages of the perpetrator and the victim, is all that is needed to prove first degree sexual assault of a child. See § 28-319.01. In light of Strotman's statements in the Facebook messages, he cannot show prejudice with regard to the voluntariness of his confession during the police interviews; there is not a reasonable probability that, but for counsel's alleged errors, Strodtman would not have entered a plea and would have insisted on going to trial. Strodtman's claims of ineffectiveness regarding the voluntariness of his confession are without merit.

MEANINGFUL ARGUMENT DURING SENTENCING

In his brief, Strodtman argues that counsel failed "to object to an improper enhancement under sentencing guidelines." Brief for appellant at 9. This argument was not raised in Strodtman's motion for postconviction relief and therefore will not be addressed on appeal, other than to note that Strodtman's sentence was within the statutory guidelines. See, Neb. Rev. Stat. § 28-105 (Reissue 2016); § 28-319.01(2); *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015) (range of penalties for sexual assault of child in first degree, first offense, is 15 years' to life imprisonment).

In his motion for postconviction relief, Strodtman claimed that counsel failed to investigate and discover some or similar crimes and sentences and make meaningful argument during sentencing that Strodtman should be given a sentence of 15 to 15 years' imprisonment; in his motion Strodtman did not set forth any particular similar crimes and sentences that counsel should have investigated or discovered. However, at the hearing to determine whether or not Strodtman should be granted an evidentiary hearing, Strodtman did mention *State v. Russell, supra* (clarifying that mandatory minimum for first offense first degree sexual assault of child is 15 years' imprisonment). Counsel's failure to investigate similar crimes and sentences was not argued in Strodtman's original brief on appeal. And in its brief, the State claims that "Strodtman has not identified a single case that his counsel failed to locate and present." Brief for appellee at 14. In his reply brief, Strodtman states that counsel should have argued *State v. Kays*, 21 Neb. App. 376, 838 N.W.2d 366 (2013), *disapproved on other grounds, State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (Kays was convicted of one count of first degree sexual assault of child and two counts of third degree sexual assault of child). Strodtman argues his case is similar to *Kays* with regard to sentencing considerations, and that Kays was only sentenced to 15 to 15 years' imprisonment. However, although not mentioned by Strodtman, we note that Kays was 70 years old and had medical issues including having had two heart attacks and a brain injury, the latter of which affected his impulse control.

We have reviewed the sentencing hearing and find no deficient performance by counsel. Counsel argued the factors that weighed in favor of a lenient sentence and asked the district court to be lenient with Strodtman and "impose a sentence as such that the bottom number would be

near the bottom of the statutory mandatory minimum penalty." And the district court did in fact order a sentence towards the lower end of the sentencing range. This claim of ineffective assistance of counsel also fails.

DIRECT APPEAL ADVICE

Strodtman claims that his counsel incorrectly advised him that no appeal was possible because he took a plea agreement and pled no contest, and that based on that advice he did not file a direct appeal. As noted by the district court, Strodtman asserted no facts as to what issue would have been raised on appeal, other than what had already been considered and found to be without merit.

In his reply brief, Strodtman additionally argues that on direct appeal counsel could have raised the sufficiency of the evidence. He argues that the State was required to demonstrate penetration, and a mere admission of penetration is insufficient alone without cooperative [sic] evidence to support such penetration charge." Reply brief for appellant at 13. However, in addition to Strodtman's admissions and Facebook messages discussed above, N.M. reported that Strodtman penetrated her and she could easily have testified to such at trial if Strodtman had not pled no contest. Neb. Rev. Stat. § 29-2028 (Reissue 2016) states, "The testimony of a person who is a victim of a sexual assault . . . shall not require corroboration." See, also, *State v. Mrza*, 302 Neb. 931, ___ N.W.2d ___ (2019) (since 1989, State has not been required to corroborate victim's testimony in cases of first degree sexual assault; if believed by finder of fact, victim's testimony alone is sufficient). Penetration, along with the ages of N.M. and Strodtman, is all that is needed to prove first degree sexual assault of a child. See § 28-319.01. Strodtman has not identified any meritorious claims that could have been raised on direct appeal. And he has not alleged any facts showing that counsel's advice to not file a direct appeal was unreasonable given the circumstances. Because Strodtman has not proved either deficiency or prejudice, his claim of ineffective assistance of counsel fails.

CONCLUSION

For the reasons stated above, we affirm the decision of the district court denying Strodtman's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.