Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/15/2022 09:05 AM CST

STATE OF NEBRASKA, APPELLEE, V.
DURELLE J. DAVIS, APPELLANT.

___ N.W.2d ___

Filed November 8, 2022.    No. A-22-056.

1. **Right to Counsel: Appeal and Error.** A trial court's decision to sustain or overrule a defendant's motion to dismiss appointed counsel and appoint substitute counsel is reviewed for an abuse of discretion.

2. **Effectiveness of Counsel: Pleas: Waiver.** A voluntary guilty plea or plea of no contest generally waives all defenses to a criminal charge; thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

3. **Sentences: Appeal and Error.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.

4. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

5. **Effectiveness of Counsel: Appeal and Error.** In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

6. **Pleas: Waiver.** A voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.

7. **Effectiveness of Counsel: Pleas.** When a defendant pleads guilty or no contest, the defendant is limited to challenging whether the plea was

understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

8. **Sentences: Appeal and Error.** When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.

9. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime.

10. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

11. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the ineffective assistance of trial counsel issue will be procedurally barred.

12. **Effectiveness of Counsel: Records: Appeal and Error.** Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.

13. **Effectiveness of Counsel: Postconviction: Appeal and Error.** The necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver requires, at a minimum, allegations of deficient performance described with enough particularity for an appellate court to make a determination of whether the claim can be decided upon the trial record and also for a district court later reviewing a potential petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

14. **Effectiveness of Counsel: Appeal and Error.** Assignments of error on direct appeal regarding ineffective assistance of trial counsel must

specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

15. **Effectiveness of Counsel: Proof: Appeal and Error.** When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

16. ____: ____: ____. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal.

17. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

18. **Effectiveness of Counsel: Records: Appeal and Error.** An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.

19. **Effectiveness of Counsel: Speedy Trial.** When a defendant alleges he or she was prejudiced by trial counsel's failure to properly assert the defendant's speedy trial rights, the court must consider the merits of the defendant's speedy trial rights under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

20. **Speedy Trial.** To calculate the deadline for trial for speedy trial purposes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Brittani E. Lewit for appellant.

Douglas J. Peterson, Attorney General, and George C. Welch for appellee.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

Welch, Judge.

## I. INTRODUCTION

Durelle J. Davis appeals his plea-based convictions of third degree domestic assault on a pregnant woman and second degree domestic assault. On appeal, Davis contends that the district court erred in overruling his requests for the appointment of new counsel due to the deterioration of the attorney-client relationship; that the sentences imposed were excessive; and that his trial counsel was ineffective for failing to effectively communicate with him, for withholding from the court mitigating information which may have helped secure his release or dismissal of the case, for requesting a continuance over Davis' objection, and for filing a pretrial motion on Davis' behalf which delayed his right to a speedy trial. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

In June 2021, Davis was charged with third degree domestic assault on a pregnant woman, second degree assault, use of a deadly weapon to commit a felony, and tampering with a witness or informant. Pursuant to a plea agreement, Davis pled no contest to third degree domestic assault on a pregnant woman and second degree domestic assault, both Class IIIA felonies. Also as part of the plea agreement, the State agreed not to charge Davis as a habitual criminal.

The State provided the following factual basis: On March 19, 2021, police officers responded to a hospital based upon the report of the assault of a female victim. Upon arrival, officers observed significant bruising on the victim's face near both of her eyes. The victim reported she was 27 weeks pregnant and had been staying at a local hotel to hide from Davis, whom she identified as her boyfriend. The victim indicated that on March 18, into the early morning hours of March 19, Davis was staying with her when he became upset and struck her eye and cheek with his fist. The victim reported that Davis then used the handle of a metal baseball bat and hit her

in the right forearm, right elbow, right hip, and lower right leg area. Officers observed bruising and swelling consistent with the victim's report. The victim also had an older-appearing bruise on her right eye, which bruise the victim reported occurred during a prior incident, and a large bruise on the left side of her forehead, which bruise she reported occurred during an incident on March 6.

On March 6, 2021, officers had been dispatched after receiving a report that a pregnant woman was being assaulted. The reporting witness stated that he heard the victim screaming, heard Davis making threats to kill the victim, observed Davis stomping on the victim's head while the victim was on the ground, and observed Davis pick up the victim and slam her head into the side of a vehicle. The witness gave officers a description of the victim, who had left the area prior to the officers' arrival, and the witness reported overhearing the victim and Davis making comments about the victim's being pregnant. Thereafter, when officers contacted Davis regarding the incident, he stated that the victim had been assaulted by another party.

After accepting Davis' pleas on the facts set out above, the matter was set for sentencing. During the sentencing hearing, following the court's statement that it had reviewed the presentence investigation report and statements by counsel and Davis, the district court stated:

So, you have a lengthy criminal history for somebody your age.

Your [level of service/case management inventory] score is 39, which is probably the highest that I have seen.

The underlying assaults in this case, as they were described, are vicious. It isn't just the victim's statement. The attack was corroborated by at least . . . two eye witnesses.

You don't show any remorse at all, sir, for this behavior.

You did receive the benefit of a very favorable plea agreement.

I do think that a period of incarceration is necessary. Probation is not an option.

Having regard for the nature and circumstances of the crime and the history, character and condition of [Davis], imprisonment is necessary for the protection of the public because I think the risk is substantial that during any period of probation . . . Davis would engage in additional criminal conduct. A lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law.

The court sentenced Davis to 3 years' imprisonment and 18 months' post-release supervision on each conviction, ordered the sentences to run consecutively, and awarded Davis credit for 275 days served. Davis now appeals from his convictions and sentences.

## III. ASSIGNMENTS OF ERROR

Davis contends that (1) the district court erred in overruling his requests for new appointed counsel despite the deterioration of the attorney-client relationship; (2) the sentences imposed were excessive; and (3) he received ineffective assistance of counsel when trial counsel (a) did not effectively communicate with him, (b) withheld information from the court that may have helped secure Davis' release from custody or dismissal of the case, (c) requested a continuance of the jury trial despite Davis' objection, and (d) filed pretrial motions that Davis did not request and did not want filed, delaying his right to a speedy trial.

## IV. STANDARD OF REVIEW

[1] A trial court's decision to sustain or overrule a defendant's motion to dismiss appointed counsel and appoint substitute counsel is reviewed for an abuse of discretion. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019).

[2] A voluntary guilty plea or plea of no contest generally waives all defenses to a criminal charge; thus, when a

defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

[3] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

[4,5] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. Failure to Appoint Replacement Counsel

First, Davis alleges that he "was denied the right to effective assistance of counsel . . . [b]ecause the District Court erred in overruling [his] requests for new court appointed counsel despite the deterioration of the attorney-client relationship." Although Davis frames his argument as an ineffective assistance of counsel claim, given the specific language of the assignment of error, we consider this alleged error as a challenge to the court's denial of Davis' request to dismiss counsel and appoint replacement counsel.

[6,7] However, as the Nebraska Supreme Court noted in *State v. Thomas*, 311 Neb. 989, 996, 977 N.W.2d 258, 266 (2022):

A voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Jaeger*[, 311 Neb.] 69, 970 N.W.2d 751 (2022). When a defendant pleads guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel *Id*. [The defendant's] challenges to the district court's rulings with respect to his motions to discharge his trial counsel do not fall into these limited categories. They have therefore been waived, and we will not address their merits.

Here, Davis entered pleas of no contest, and in doing so, he has waived any challenges to the district court's rulings regarding his requests to dismiss trial counsel and appoint replacement counsel. Accordingly, this assigned error has been waived and we decline to consider it.

### 2. Excessive Sentences

Davis next contends that the district court abused its discretion in imposing excessive sentences.

Here, Davis was convicted of third degree domestic assault on a pregnant woman and second degree domestic assault, both Class IIIA felonies. See, Neb. Rev. Stat. § 28-115 (Cum. Supp. 2020) (criminal offense against a pregnant woman; enhanced penalty); Neb. Rev. Stat. § 28-323 (Reissue 2016) (domestic assault; penalties). Class IIIA felonies are punishable by a minimum of no imprisonment and a maximum of 3 years' imprisonment followed by 9 to 18 months' post-release supervision and/or a $10,000 fine. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Davis was sentenced to 3 years' imprisonment followed by 18 months' post-release supervision on each count.

[8-10] When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable

legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the time the presentence investigation report was prepared, Davis was 35 years old with a 10th-grade education, was unemployed, and had two dependents. Davis had an extensive criminal history, including seven convictions for failing to appear, three convictions each for third degree domestic assault and violation of a protection order, and two convictions each of providing false information and possession of a controlled substance. He also had convictions for assault and battery, domestic violence assault, felony terroristic threats, operating during suspension, destruction of property under $100, disorderly conduct, disturbing the peace, making false statements to police, possession of methamphetamine with intent to distribute (less than 10 grams), carrying a concealed weapon, disturbing the peace by fighting, possession of marijuana less than 1 ounce, and numerous traffic and other minor violations. One of Davis' convictions resulted in Davis' being placed on probation, which was later revoked.

The level of service/case management inventory assessed that Davis was in the very high risk range to reoffend, that no areas of strength were identified during the assessment, and that Davis' score on the "Domestic Violence Matrix" assessment indicated he was a high risk due to the nature of the present assault.

Based upon the record, the district court considered the appropriate sentencing factors. Further, as it relates to those factors, including that the sentences imposed were within the relevant statutory sentencing ranges, the benefit Davis received from his plea agreement, Davis' criminal history, and Davis' being in the very high or high risk range to reoffend, we find the district court did not abuse its discretion in considering the relevant factors and imposing the sentences. This assignment of error fails.

### 3. Ineffective Assistance of Counsel

Davis' final assignment of error is that his trial counsel was ineffective. Specifically, Davis asserts that he was denied effective assistance of counsel when trial counsel (a) did not effectively communicate with him, (b) withheld information from the court that may have helped secure Davis' release from custody or dismissal of the case, (c) requested a continuance of the jury trial despite Davis' objection, and (d) filed pretrial motions that Davis did not request and did not want filed, delaying his right to a speedy trial.

[11-14] Recently, in *State v. Drake*, 311 Neb. 219, 236-37, 971 N.W.2d 759, 774 (2022), the Nebraska Supreme Court set forth the directives that must be followed when addressing an ineffective assistance of counsel on direct appeal:

> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the ineffective assistance of trial counsel issue will be procedurally barred.
>
> Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able

to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.

The necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver requires, at a minimum, allegations of deficient performance described with enough particularity for an appellate court to make a determination of whether the claim can be decided upon the trial record and also for a district court later reviewing a potential petition for postconviction relief to be able to recognize whether the claim was brought before an appellate court. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

[15-18] When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the

appellate court. *State v. Devers, supra*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Weathers, supra*.

### (a) Failure to Communicate Effectively

Davis assigns as error that trial counsel was ineffective because she "did not effectively communicate with him." Davis expounds on this claim in the argument section of his brief by specifically arguing that his trial counsel failed to disclose the victim's contact with trial counsel's office during which the victim disclosed that she was not going to cooperate with the State and was not going to attend court.

However, as this court noted in *State v. Santos Romero, ante* p. 14, 19-20, 974 N.W.2d 624, 628-29 (2022):

> Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). The Supreme Court has found that an error assigning that trial counsel was ineffective in "'fail[ing] to adequately investigate [the defendant's] defenses'" lacked the specificity we demand on direct appeal. *Id.* at 935, 926 N.W.2d at 86. Likewise, the Supreme Court recently held that an error assigning that trial counsel was ineffective in "'Failing to Investigate the Case Fully'" lacked the requisite specificity as to what component of investigation counsel was allegedly deficient in failing to conduct. *State v. Wood*, 310 Neb. 391, 436, 966 N.W.2d 825, 858 (2021).

Similarly, here, Davis' assignment of error lacks sufficient specificity regarding how trial counsel "did not effectively communicate with him." Accordingly, this assigned error has not been sufficiently pled.

(b) Withholding Information

Davis next alleges that he was denied effective assistance of counsel because trial counsel "withheld information from the Court that may have helped secure his release from custody or dismissal of the case." Again, Davis expounds upon this assigned error in his argument by specifically arguing that his trial counsel failed to disclose the victim's communication to counsel's office. However, similar to his claim raised in the preceding section of this opinion, Davis' assigned error lacks sufficient specificity regarding what information Davis contends counsel should have provided to the court. Accordingly, this assignment of error has not been pled with sufficient specificity.

(c) Continuance and Pretrial Motions

We consolidate the analysis of Davis' final two claims of ineffective assistance of counsel, i.e., that his trial counsel was ineffective because trial counsel "requested that [Davis'] jury trial be continued despite [Davis'] objection" and "filed pretrial motions [Davis] did not request and did not want filed, thus delaying his right to a speedy trial."

[19,20] When a defendant alleges that he or she was prejudiced by trial counsel's failure to properly assert the defendant's speedy trial rights, the court must consider the merits of the defendant's speedy trial rights under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018). To calculate the deadline for trial for speedy trial purposes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016). See *State v. Collins, supra.*

Here, the information was filed on June 10, 2021. Therefore, the speedy trial deadline, before adding any excluded time, was December 10. Thus, at the time Davis entered his pleas of no contest on September 29, the State still had just over 2 months

to bring Davis to trial, even excluding any continuances or motions filed by trial counsel that would have extended that time. Accordingly, since Davis entered his pleas of no contest prior to the expiration of the speedy trial clock excluding any continuances for motions or requests by trial counsel, the record refutes his claims and trial counsel was not ineffective in filing the complained of motions and requests to continue the trial. Cf. *State v. Collins, supra* (in appeal of denial of postconviction relief, Nebraska Supreme Court held that because deadline for speedy trial purposes had not run, defense counsel could not have been ineffective for failing to file motion to discharge on speedy trial grounds). These claims of ineffective assistance of trial counsel fail.

## VI. CONCLUSION

Having considered and found that Davis' assigned errors fail, we affirm his convictions and sentences.

AFFIRMED.

BISHOP, Judge, concurring.

Other than the majority's handling of two of Davis' ineffective assistance of trial counsel claims—failing to communicate effectively and withholding information from the trial court—I concur in all other respects with the opinion. However, the majority's application of *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), to find these two assignments of error to be insufficiently stated for this court to address the claims is construing *Mrza* to place more emphasis on form over substance than I read *Mrza* to intend. The majority's decision simply pushes these claims down the road for consideration under an ineffective assistance of appellate counsel claim potentially raised in a postconviction action. I would dispose of them here.

The majority concludes that two of Davis' claims of ineffective assistance of trial counsel were not sufficiently expounded upon in the assignment of errors section of the brief: that trial counsel "did not effectively communicate with [Davis]," and

that trial counsel "withheld information from the Court that may have helped secure [Davis'] release from custody or dismissal of the case."

Regarding the claim related to trial counsel not effectively communicating with Davis, the majority acknowledges:

> Davis expounds on this claim in the argument section of his brief by specifically arguing that his trial counsel failed to disclose the victim's contact with trial counsel's office during which the victim disclosed that she was not going to cooperate with the State and was not going to attend court.

Although not addressed by the majority, Davis further argues in his brief that trial counsel "'acted as if that never happened before, like I made it up,'" and then trial counsel sent him a letter indicating that trial counsel's staff "'didn't remember such a thing.'" Brief for appellant at 21. Davis further suggests that "whether the alleged victim will be called to testify and to what [he or she] will testify is an important factor for criminal defendants to consider when deciding how to proceed." *Id*. at 22. Davis argues that "[l]ack of faith in his counsel made it difficult for [Davis] to fully weigh his options and make fully informed decisions as to how to proceed, thus prejudicing him." *Id*.

Regarding the assignment of error that "trial counsel withheld information from the Court that may have helped secure his release from custody or dismissal of the case," the majority again concludes that this "assigned error lacks sufficient specificity regarding what information Davis contends counsel should have provided to the court." The majority acknowledges that "Davis expounds upon this assigned error . . . by specifically arguing that his trial counsel failed to disclose the victim's communication to counsel's office." However, Davis further argues that in addition to informing the court about the victim's contact with trial counsel, trial counsel should have informed the court that the victim, "on her own," came to the decision to write the letter and statement admitting that Davis

did not assault her, and that his contact with the victim was before he made his first court appearance or "before [he] had a bond or before there was any no contact order in place." *Id*. at 22. Davis argues that he was "harmed by counsel not providing this information to the lower courts as it may have helped persuade the Court to either dismiss the charges following the preliminary hearing or led it to release him from custody while the matter was pending." *Id*. at 23.

In making the above arguments, Davis supplied headings in the argument section of his brief which correlated exactly with his assigned errors. Then, he further argued trial counsel's alleged deficiency with enough particularity for this court to make a determination of whether the claims could be decided upon the trial record and for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was previously brought before an appellate court. See *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020). Even the State found the presentation of the assigned errors and corresponding arguments sufficient to respond to them in its brief, concluding in both instances that the claims lacked merit. I would have done the same.

It is true that *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), states that "assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." However, I do not read that admonition to mean that assignments of error must allege all the necessary details about the claimed deficiency in the assignments of error section of the brief and then be restated again later in the argument section. In my opinion, when the deficient conduct alleged in the assignments of error section can be directly correlated with a specific heading and a detailed discussion in the argument section, as was done here, then no scouring of the brief is necessary and the assigned claim of ineffective assistance of counsel should be addressed.